BRYAN R. WHITTAKER
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: bryan.whittaker@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
GREAT ~~~~
2012 MAY 24 PM 2 10
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, vs. BRENT EUGENE BAILEY, Defendant. | CR 12-25-GF-SEH  PLEA AGREEMENT |
|---|---|

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by Bryan R. Whittaker, Assistant United

1   /s/ BRW    BEB    EA    5/22/12
                                Date

States Attorney for the District of Montana, and the defendant, Brent Eugene Bailey, and his attorney, Evangelo Arvanetes, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to Count I of the indictment which charges the crime of Conspiracy to Possess Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 846 and 851. This offense carries a mandatory minimum of 20 years to life imprisonment, and a maximum punishment of life imprisonment, a $20,000,000 fine, at least 10 years supervised release, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement

will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Count II of the indictment and does not pursue other charges against the defendant, and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Count II is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in the indictment. In pleading guilty, the defendant acknowledges that:

That on or about August 27, 2010, in Cascade County, in the State and District of Montana, and elsewhere, the defendant, BRENT EUGENE BAILEY, knowingly and unlawfully conspired and agreed with others both known and unknown to the Grand Jury, to possess, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.



3  /rBRW  BEB  EA  Date

He further acknowledges that these are the elements of the crime charged in Count I of the indictment:

First, there was an agreement between two or more persons to distribute 50 grams of actual (pure) methamphetamine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at

every other stage of these proceedings.

   (e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

   (f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

   (g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to

5    BRW   BEB   EA   Date

confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant

6  BRW   BEB   EA   Date  5/22/12

expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to

determine what sentence will be reasonable.

8. **Waivers:** (a) *Mutual Conditional Waiver of Appeal:* The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the parties waive their right to appeal the reasonableness of the sentence if the defendant receives a sentence within or below the guideline range calculated by the Court. ~~guideline range, he does not waive his~~ *If the defendant objects to the guideline range, he does not waive his (to) Appeal.*

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

(b) *Waiver of Appeal of the Sentence – 5K motion:* The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any

8    GFB  BRW   BEB   EA   5/22/12
                                Date

commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 for a downward departure to reward for any substantial assistance the defendant has provided or may provide before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal the sentence imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual

9 
BRW   BEB   EA   Date 5/22/12

prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

(c) *Waiver of Appeal of the Sentence – Rule 35 Motion:*

The defendant acknowledges that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure for any substantial assistance the defendant may provide after sentencing. If such a motion is made, the defendant hereby agrees to waive the defendant's right to appeal and to dismiss any appeal then pending or waive objection to dismissal of the motion, understanding that no further motion would be filed.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C.



§ 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea, or alleging that he received ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

(d) *Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:* The defendant further agrees that any statements made by him or on his behalf in the change of plea proceedings in this matter may be used against him later at a trial on the merits should he withdraw his guilty plea. The defendant hereby



11   BRW   BEB   EA   Date

expressly waives any objection to such use under Rule 410, Federal Rules of Evidence and Rule 11(f), Federal Rules of Criminal Procedure if he successfully withdraws the plea entered pursuant to this agreement.

9. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

11. **Breach:** If defendant breaches the terms of this agreement,

12 

or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

12. **Loss of Federal Benefits:** The defendant acknowledges that, based on his plea of guilty to a federal controlled substances crime, he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act (relating to Aid to Families with Dependant Children) or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered**



13  BRW  BEB  EA  Date

part of the agreement.

MICHAEL W. COTTER
United States Attorney

*[signature]* for
BRYAN R. WHITTAKER
Assistant U. S. Attorney

*[signature]*
BRENT EUGENE BAILEY
Defendant

*[signature]*
EVANGELO ARVANETES
Defense Counsel