FILED AUG 2 6 2013

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-25-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| BRENT EUGENE BAILEY, | |
| Defendant/Movant. | |

On August 23, 2013, Defendant Brent Eugene Bailey ("Bailey") moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Bailey is a federal prisoner proceeding pro se.

Bailey makes three claims of ineffective assistance of counsel: (1) that counsel wrongly coerced him to plead guilty to conspiracy "even though no other defendants were charged," Mot. § 2255 (doc. 29) at 4; (2) that counsel failed to contest the purity of the methamphetamine attributed to him, *id.* at 5-6; and (3) that counsel should have challenged the "disparity" between the guideline range of a mixture containing methamphetamine and pure methamphetamine, *id.* at 8. All are conclusively lacking

1

in merit and will be denied.

Bailey was charged with conspiring "with others both known and unknown to the Grand Jury" to possess with intent to distribute 50 grams or more of pure methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 846; and with possessing with intent to distribute 50 grams or more of pure methamphetamine, a violation of 21 U.S.C. § 841(a)(1). Indictment (doc. 1) at 2-3. The statutory maximum sentence was life in prison. 21 U.S.C. § 841(b)(1)(A)(viii).

On May 25, 2012, the United States filed an Information under 21 U.S.C. § 851, alleging that Bailey had incurred one prior conviction for a felony drug offense. Filing of the Information subjected Bailey to a mandatory minimum of twenty years and a maximum of life in prison. Information (doc. 20).

In pleading guilty, Bailey admitted that, on August 27, 2010, he "traveled to Spokane, Washington . . . where he had agreed to purchase 4 ounces of methamphetamine from a female source of supply to bring back to Montana for distribution." Offer of Proof (doc. 21) at 5-6 ¶¶ 6-7; Minutes (doc. 22). Four ounces is 113.4 grams. Bailey further agreed that "[t]he total quantity of pure methamphetamine was 104.9 grams," Offer of Proof at 6 ¶ 8, or, in other words, that the methamphetamine he purchased was about 92.5% pure. Bailey was subjected to a heightened maximum sentence of life in prison regardless of whether the drug

quantity calculation was based on 104.9 grams of pure methamphetamine or 113.4 grams of a substance containing methamphetamine. *See* 21 U.S.C. §§ 841(b)(1)(B) & (viii), 851.

Further, because Bailey had not one but two prior felony drug trafficking convictions, he was designated a career offender. U.S.S.G. § 4B1.1(a); Presentence Report ¶¶ 26, 37-38. And because the statutory maximum penalty he faced was life in prison, his offense level was elevated to 37. U.S.S.G. § 4B1.1(b)(1); Presentence Report ¶ 26.

Counsel was not ineffective. Any challenge to the use of pure methamphetamine or to the alleged "disparity" would have had no effect whatever on Bailey's advisory guideline calculation. "[T]rial counsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). Further, "at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States*, 340 U.S. 367, 375 (1951) (citing cases). Bailey's claims lack merit.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Bailey makes no showing at all that he was deprived of any right, much less a constitutional one. There is no reason to encourage further proceedings. A COA is not warranted.

ORDERED:

1. Bailey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 29) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bailey files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-73-GF-SEH are terminated and shall close the civil file by entering judgment

in favor of the United States and against Bailey.

DATED this 26th day of August, 2013.

/s/ Sam E. Haddon
Sam E. Haddon
United States District